**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIAMOND KEMP, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| SEVITA d/b/a SEVITA HEALTH | : | |
| and | : | |
| NATIONAL MENTOR OF | : | |
| HEALTHCARE, LLC, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Diamond Kemp, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I.   Introduction

1.     Plaintiff initiates this action against Defendants Sevita d/b/a Sevita Health and National Mentor of Healthcare, LLC (collectively "Defendants") for discrimination, hostile work environment, retaliation, FMLA interference and retaliation, disability discrimination, and related state-law claims. As a direct consequence of Defendants' actions and/or omissions, Plaintiff was subjected to unlawful workplace conduct, denied the protections of federal, state, and local employment laws, and terminated from employment. Plaintiff seeks damages as outlined herein.

### II.   Jurisdiction and Venue

2.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. Defendants: (a) employed Plaintiff in Pennsylvania; (b) operates, manages, controls, staffs, and/or provides services at locations in Eastern Pennsylvania; and (c) publicly holds themselves out as operating within Pennsylvania and this judicial district.

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, and 42 U.S.C. § 1981.

4.     This Court has supplemental jurisdiction over Plaintiff's related state and local claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same case or controversy as Plaintiff's federal claims.

5.     Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.    Parties

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff Diamond Kemp is an adult individual who resides at 3920 Cambridge Street, Philadelphia, Pennsylvania 19104.

8.     Defendant Sevita d/b/a Sevita Health ("Defendant Sevita") is a home and community-based health care provider operating in Pennsylvania and throughout the United

2

States. At all times relevant herein, Defendant Sevita employed Plaintiff and/or exercised control over the terms and conditions of Plaintiff's employment.

9. Defendant National Mentor of Healthcare, LLC ("Defendant National Mentor") is a business entity operating in Pennsylvania and throughout the United States. At all times relevant herein, Defendant National Mentor employed Plaintiff and/or exercised control over the terms and conditions of Plaintiff's employment.

10. At all times relevant herein, Defendants operated, managed, controlled, staffed, and/or provided services at facilities located at 9224 Puritan Road, Philadelphia, Pennsylvania 19114, and 101 Greenwood Avenue, Jenkintown, Pennsylvania 19046.

11. At all times relevant herein, Defendants acted as Plaintiff's employer, joint employers, integrated employers, single employer, alter egos, agents of one another, and/or entities exercising common control over Plaintiff's employment.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV. Factual Background

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was hired by Defendants in or about mid-July of 2024, and was employed by Defendants for approximately 1 year and 4 months, until her termination on or about November 2, 2025.

15. Plaintiff was employed by Defendants as a Direct Support – Program Supervisor.

3

16.     Plaintiff worked for and/or within Defendants' facilities located at 9224 Puritan Road, Philadelphia, Pennsylvania 19114, and 101 Greenwood Avenue, Jenkintown, Pennsylvania 19046.

17.     Plaintiff's primary supervisor was Nowai Wulukau ("Wulukau"), an Area Director.

18.     Upon information and belief, Erica Sovia ("Sovia") was an Executive Director, Regional Director, and/or higher-level manager for Defendants.

19.     Plaintiff also had interactions with Dana Chatelain ("Chatelain"), who served as a Human Resources Director and/or human-resources representative for Defendants.

20.     Plaintiff is a Black/African-American woman with a lighter-skin complexion.

21.     During Plaintiff's employment, Wulukau made comments to and/or in the presence of Plaintiff concerning Plaintiff's race, color, complexion, and national origin or perceived national origin.

22.     Wulukau referred to Plaintiff as "light-skinned" on multiple occasions and made comments to the effect that Plaintiff believed she could act a certain way because she was "cute" and "light skinned."

23.     Wulukau also made comments concerning "light-skinned bitches" and stated, in substance, that she hated "light-skinned bitches."

24.     Wulukau further made comments to Plaintiff concerning "Americans," "Africans," and "foreigners," including comments to the effect that Americans "run their mouths" and report things, while Africans or foreigners keep matters "in-house."

25.     Plaintiff found these comments offensive and discriminatory.

26.     Plaintiff told Wulukau on multiple occasions that she was offended by the racial comments, did not like the comments, and asked Wulukau not to make such comments.

27.    Plaintiff also escalated complaints concerning discrimination to other management.

28.    On or about October 20, 2025, Plaintiff submitted a corporate complaint concerning Wulukau's discriminatory conduct toward Plaintiff and Wulukau's misconduct toward a patient.

29.    As to the patient misconduct, on or about September 20, 2025, Plaintiff was at an event with employees and patients, including a patient with mental disabilities.

30.    During this event, Plaintiff witnessed Wulukau engage in sexualized conduct toward the patient, including giving the patient a lap dance and shaking her buttocks in the patient's face and/or chest area.

31.    Plaintiff complained to several layers of management about Wulukau's conduct toward the patient.

32.    From on or about June 20, 2025 through on or about September 15, 2025, Plaintiff was on leave under the Family and Medical Leave Act due to leg-related medical problems.

33.    After Plaintiff returned from leave, Wulukau made comments concerning Plaintiff's light-duty needs and/or Plaintiff having returned from "vacation."

34.    Plaintiff told Wulukau that Wulukau was acting in a discriminatory and retaliatory manner.

35.    Plaintiff also told Wulukau that Plaintiff was a mandated reporter and had reported Wulukau's conduct.

36.    Wulukau asked Plaintiff to make false statements concerning whether Wulukau had been told about a patient injury.

37.    Plaintiff refused to make false statements and stated that she heard an employee report the patient injury to Wulukau.

38. Plaintiff's complaints were ignored, the work environment did not change, and Defendants did not conduct a meaningful investigation of Wulukau.

39. On or about November 2, 2025, Defendants terminated Plaintiff's employment.

40. At the time of Plaintiff's termination, Plaintiff was accused of making complaints in bad faith.

41. Plaintiff's termination occurred approximately two weeks after her October 20, 2025 corporate complaint.

## Count I
### Violations of Title VII
**(Race Discrimination, Hostile Work Environment, and Retaliation)**
**- Against All Defendants -**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff is a member of protected classes under Title VII.

44. During Plaintiff's employment, Defendants subjected Plaintiff to discrimination and a hostile work environment because of her race and/or color, and thereafter retaliated against Plaintiff for opposing such discrimination and reporting it to management and through Defendants' corporate complaint process.

45. Plaintiff engaged in protected activity by opposing discrimination and submitting a corporate complaint on or about October 20, 2025.

46. Approximately two weeks later, Defendants terminated Plaintiff's employment.

47. Defendants' conduct violated Title VII of the Civil Rights Act of 1964.

## Count II
### Violations of 42 U.S.C. § 1981
**(Race Discrimination, Hostile Work Environment, and Retaliation)**
**- Against All Defendants -**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff is an African-American employee entitled to the protections of 42 U.S.C. § 1981.

50.     Defendants subjected Plaintiff to race- and color-based discrimination, harassment, and retaliation, culminating in the termination of Plaintiff's employment.

51.     Defendants' conduct violated 42 U.S.C. § 1981.

**Count III**
**Violations of Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**- Against All Defendants -**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff was a full-time employee who worked for Defendants for more than one (1) year within a location that employed at least fifty (50) employees within seventy-five (75) miles.

54.     Plaintiff exercised her rights under the Family and Medical Leave Act by taking protected leave from on or about June 20, 2025, through on or about September 15, 2025, due to a serious leg-related medical condition.

55.     At all relevant times, Plaintiff was an eligible employee under the FMLA, and Defendants were employers subject to the FMLA.

56.     Plaintiff seeks relief herein for Defendants: (1) interfering with Plaintiff's exercise of rights under the FMLA; (2) retaliating against Plaintiff because of her use of FMLA leave; (3) discouraging Plaintiff and other employees from exercising rights protected by the FMLA; (4) failing to comply with the requirements of the FMLA, thereby causing Plaintiff prejudice and

7

ultimately her termination from employment; and (5) for such additional violations of the FMLA as may be established through discovery. The foregoing conduct constitutes unlawful interference and retaliation in violation of the Family and Medical Leave Act.

### Count IV
### Violations of the Americans with Disabilities Act
### (Disability Discrimination and Retaliation)
### - Against All Defendants -

57.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.   Plaintiff suffered from a disability, record of disability, and/or was regarded as disabled within the meaning of the ADA.

59.   Defendants were aware of Plaintiff's leg-related medical condition, Plaintiff's protected FMLA leave, and Plaintiff's light-duty needs.

60.   Defendants discriminated against and retaliated against Plaintiff because of her disability and/or perceived disability, including by making derogatory comments concerning Plaintiff's light-duty needs and protected leave, culminating in the termination of Plaintiff's employment.

61.   Defendants' conduct violated the Americans with Disabilities Act.

### Count V
### Violations of the Adult Protect Services Act ("APSA")
### (35 P.S. §§ 10210.101 *et seq.*)
### (Retaliatory Action / Intimidation / Termination)
### - Against All Defendants -

62.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

63.   Plaintiff was an employee of Defendants, a facility subject to the Adult Protective Services Act, 35 P.S. §§ 10210.101 *et seq.*

8

64.    Plaintiff reported abuse, neglect, and/or exploitation involving an adult with mental disabilities receiving services from Defendants.

65.    Plaintiff cooperated with the reporting and investigation of that abuse and refused to make false statements concerning patient-related events.

66.    Defendants retaliated against and intimidated Plaintiff because of her protected reporting, cooperation, and refusal to make false statements, culminating in the termination of Plaintiff's employment.

67.    In the alternative, Defendants' conduct violated Pennsylvania public policy protecting reports of abuse, neglect, and exploitation of vulnerable adults and prohibiting retaliation against employees who report such conduct or refuse to falsify patient-related information.

68.    As a consequence of Defendants' violations of the Adult Protective Services Act, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.    Defendants are to be prohibited from continuing to maintain any illegal policy, practice, or custom of discriminating against, retaliating against, or otherwise unlawfully treating employees on the basis of race, color, disability, protected activity, and/or the exercise of rights protected by the Family and Medical Leave Act, and are to be ordered to promulgate and enforce lawful policies prohibiting such conduct;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, reinstate Plaintiff where determined to be possible and/or feasible, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' unlawful actions, including but not limited to back pay, front pay (absent reinstatement), salary, pay increases, bonuses,

9

medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits unlawfully withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

C.    Plaintiff is to be awarded compensatory damages, liquidated damages where authorized by applicable law, punitive damages where authorized by applicable law, and such other monetary relief as the Court or trier of fact deems appropriate to compensate Plaintiff for Defendants' unlawful conduct and to deter similar conduct in the future;

D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of any applicable statutory caps on damages; and

G.    Plaintiff's claims are to receive a trial by jury to the extent permitted by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: July 6, 2026

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Diamond Kemp | : | CIVIL ACTION |
| v. | : | |
| Sevita d/b/a Sevita Health, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x )

| | | |
|---|---|---|
| 7/6/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

[ X ]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[   ]  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEMP, DIAMOND

**DEFENDANTS**
SEVITA D/B/A SEVITA HEALTH, ET AL.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000); Section 1981 (42USC1981)
Brief description of cause:
Violations of the ADA, FMLA, Title VII, Section 1981, APSA and related state-law claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.   **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  7/6/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____